UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. KIMBERLY BARNETT,
   Petitioner,

v.

DEPARTMENT OF HOMELAND
 SECURITY,
   Agency.

DOCKET NUMBER
CB-1208-15-0009-U-1

DATE: December 16, 2014

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Brian T. Critz, Esquire, Washington, D.C., for the petitioner.

Lawrence Berger, Esquire, Glen Cove, New York, for the relator.

Annette M. Buchanan, Esquire, Arlington, Virginia, for the agency.

## BEFORE

Mark A. Robbins, Member

## ORDER ON STAY REQUEST

Pursuant to 5 U.S.C. § 1214(b)(1)(A), the Office of Special Counsel (OSC) requests that the Board stay for 45 days the agency's removal of Kimberly

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

Barnett while OSC completes its investigation of the matter. For the reasons discussed below, OSC's request is GRANTED.

## ANALYSIS

Under 5 U.S.C. § 1214(b)(1)(A)(i), OSC may request any member of the Merit Systems Protection Board to order a stay of any personnel action for 45 days if OSC determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice. Such a request shall be granted, unless the Board member determines that, under the facts and circumstances involved, such a stay would not be appropriate. 5 U.S.C. § 1214(b)(1)(A)(ii). OSC's stay request need only fall within the range of rationality to be granted, and the facts must be reviewed in the light most favorable to a finding of reasonable grounds to believe that a prohibited personnel practice was (or will be) committed. *See Office of Special Counsel ex rel. Aran v. Department of Homeland Security*, 115 M.S.P.R. 6, ¶ 9 (2010).

As OSC states, it is a violation of 5 U.S.C. § 2302(b)(8) to threaten to take a personnel action because an employee made a protected whistleblowing disclosure and a violation of 5 U.S.C. § 2302(b)(9)(C) to threaten to take a personnel action because an employee has provided information to OSC.[2] OSC also asserts that, to establish a prima facie violation under either, it must show that the employee engaged in protected activity and that the activity was a contributing factor in the challenged action. *See Office of Special Counsel ex rel. Aran*, 115 M.S.P.R. 6, ¶ 7 (describing a prima facie violation of 5 U.S.C. § 2302(b)(8) as existing where: (1) the employee made a disclosure of information that she reasonably believed evidenced any violation of any law,

---

[2] The Whistleblower Protection Enhancement Act of 2012 expanded the scope of the Board's authority to include correction of violations of 5 U.S.C. § 2302(b)(9)(C). *See* 5 U.S.C. § 1221(e)(1); *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 9 (2014) (discussing the expansion of the Board's authority).

rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety; (2) the agency official or officials exercising personnel action authority had knowledge of the employee's disclosure; (3) there is a taking or failure to take, or a threat to take or failure to take, a personnel action; and (4) the protected disclosure was a contributing factor to the action taken).

¶4      In its December 12, 2014, stay request, OSC alleges that Ms. Kimberly Barnett worked for the Transportation Security Administration (TSA) for more than 12 years as a Transportation Security Inspector, Explosive Detection Canine Handler, without being subjected to any disciplinary action. OSC next alleges that Ms. Barnett disclosed that her supervisor, Mr. Bobby Jones, was falsely recording the time he was training and utilizing his canine to make it appear as if he was meeting the agency's requirements. Ms. Barnett reportedly began by disclosing the information to Mr. Tom Sheehan, an official within TSA, in October 2013, but, because he took no corrective action, she later disclosed the information to OSC, in June 2014. OSC referred her disclosure to the Department of Homeland Security for investigation the following day.

¶5      In August 2014, Ms. Barnett was involved in a car accident where her parked vehicle was struck by a bus. She reported the accident to her supervisor, Mr. Jones. Subsequently, Mr. Sheehan met with Ms. Barnett and accused her of cursing during the aforementioned conversation with Mr. Jones. In October 2014, TSA proposed Ms. Barnett's removal for inappropriate conduct and lack of candor, relating to her alleged cursing and statements about that cursing. TSA effectuated her removal on November 26, 2014. Based upon these allegations, OSC asserts that it has reasonable grounds to believe that Ms. Barnett made protected disclosures, relevant TSA officials were aware of those disclosures, and the protected disclosures were a contributing factor in her proposed removal.

¶6      Given the deference that generally should be afforded to OSC and the assertions made in its stay request, I find that there are reasonable grounds to

believe that TSA proposed Ms. Barnett's removal based on her protected disclosure in violation of 5 U.S.C. §§ 2302(b)(8), (b)(9)(C).[3]

## ORDER

¶7    Based on the foregoing, I conclude that granting OSC's stay request is appropriate. Accordingly, a 45-day stay of Ms. Barnett's removal is GRANTED. The stay shall be in effect from December 16, 2014, through and including January 29, 2015. It is further ORDERED that:

(1) Ms. Barnett shall be reinstated[4] to her former position, at the same location, with the same duties and responsibilities, and at the same salary and grade level that she had prior to her termination, effective December 16, 2014;

(2) The agency shall not effect any change in Ms. Barnett's duties and responsibilities that is inconsistent with her salary or grade level or impose upon her any requirement that is not required of other employees of comparable position, salary, or grade level;

(3) Within 10 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4) Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B) must be received by the Clerk of the Board and the agency, together with any evidentiary support, on or before January 14, 2015. *See* 5 C.F.R. § 1201.136(b). Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) must be

---

[3] TSA employees are covered by 5 U.S.C. §§ 2302(b)(8) and 2302(b)(9)(C). 5 U.S.C. § 2304(a).

[4] The Board has the authority to stay the removal of an employee after the effective date of the action. *See Special Counsel ex rel. Shaw v. U.S. Social Security Administration*, 76 M.S.P.R. 21, 24 (1997).

received by the Clerk of the Board, together with any evidentiary support, on or before January 21, 2015.


FOR THE BOARD:           _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.